# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16-00237-01-CR-W-FJG |
| | ) |
| ROBERT L. WHITE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is defendant's Motion to Suppress Evidence (Doc. # 16).

An indictment was returned on July 19, 2016, charging defendant with three counts of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), ten counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C), one count of possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Defendant filed a Motion to Suppress seeking the suppression of the cocaine base which was recovered during the March 8, 2013 search on the grounds of Fourth

1

Amendment violations. The defendant also sought to suppress his subsequent statement as fruit of the poisonous tree. The government argued in response that the defendant lacked standing to challenge the search and that the search was lawful. On March 9, 2017, United States Magistrate Robert E. Larsen conducted an evidentiary hearing on the Motion to Suppress. The government called Kansas City, Missouri Police Department Sergeant Jeffrey Hughley and Kansas City, Missouri Police Department Detective Robert Evans to testify. Defendant White did not call any witnesses. The following exhibits were admitted into evidence: defendant's Miranda waiver, Kansas City, Missouri Police Department Towing Policy, Tow-In Report and Officer Evans' Incident Report. On June 19, 2017, Magistrate Larsen entered a report and recommendation (Doc. # 37) which recommended denying defendant's Motion to Suppress. Judge Larsen found that the defendant had no expectation of privacy in the vehicle because it was a rental car and defendant did not have a valid rental agreement. Additionally, there was no evidence that defendant had permission to drive the vehicle. Judge Larsen also determined that even if the defendant had standing, the March 8, 2013 search was constitutionally permissible pursuant to the inventory exception. Judge Larsen found that the search was proper because when defendant was arrested and taken into custody, his vehicle was on private property which was owned by a restaurant. Annex A - Section B(6) of the Kansas City, Missouri Police Department's Towing Policy permits such vehicles to be towed and inventoried. Judge Larsen also found that the search of the engine compartment was proper, as the Police Department's towing policy permits officers to search in locked and/or closed

compartments. No party filed any objections to Magistrate Larsen's Report and Recommendation. The Court, after independent review of the record and applicable law, adopts and incorporates by reference herein, Magistrate Larsen's findings and conclusions. Therefore, the Court hereby **DENIES** Defendant's Motion to Suppress (Doc. # 16).


Date: <u>December 13, 2017</u>             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                                     United States District Judge